IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **EARLE W. MOTT** | ) | CASE NO.: |
| 33570 Quaker Valley Road | ) | |
| Farmington Hills, Michigan 48331 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Hereon)** |
| vs. | ) | |
| | ) | |
| **GREENWOOD MOTOR LINES, INC.** | ) | |
| **D/B/A R+L CARRIERS** | ) | |
| c/o CT Corporation System | ) | |
| Registered Agent | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RYAN W. POTTER** | ) | |
| 35027 Harroun Street | ) | |
| Wayne, Michigan 48184 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff, Earle W. Mott, by and through his attorneys, and for his Complaint state as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Earle W. Mott, is a resident of 33570 Quaker Valley Road, Farmington Hills, Michigan 48331.

1

2. Defendant Greenwood Motor Lines, Inc. d/b/a R+L Carriers ("R+L"), is a corporation organized and existing under the laws of the State of South Carolina doing business as a nationwide interstate motor carrier, and is subject to the jurisdiction of this Judicial Court with this defendant doing substantial business and deriving substantial revenue in the State of Ohio. This defendant has its principal place of business at 600 Gillam Road, Wilmington, OH 45177.

3. Defendant Ryan W. Potter ("Potter") resides at 35027 Harroun Street, Wayne, Michigan 48184. At all times pertinent hereto, defendant Potter was employed by and/or was an agent of R+L and was operating the subject commercial motor vehicle on behalf of R+L.

## JURISDICTION

4. This Honorable Court has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. § 1332, in that diversity exists between the parties and the amount in controversy exceeds $75,000.00.

## VENUE

5. Venue is proper in this District and Division under 28 U.S.C. §1391(b) (2) in that the a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

## COUNT I – VICARIOUS LIABILITY/PERSONAL INJURIES

6. The preceding paragraphs are hereby realleged as if fully restated herein.

7. On or about June 6, 2019, defendant Potter was operating a commercial motor vehicle northbound on Farmington Road at or near it's intersection with Chesley Drive in the City of Farmington, Oakland County, Michigan when he attempted to turn into the path of travel

of vehicles proceeding in the same northbound direction and thereby caused his commercial motor vehicle to force Plaintiff Earle W. Mott's vehicle off of the road and into a sewer access point causing Mr. Mott to suffer injuries, along with fright, terror, and damage to personal property, including but not limited to the motor vehicle operated by Mr. Mott at the time of the collision.

8. Among other things, Defendant Potter negligently failed to:

   a. manage space around his vehicle;
   b. maintain reasonable and safe control of his vehicle;
   c. follow pavement markers;
   d. keep a proper lookout;
   e. reasonably judge the closeness of plaintiff's vehicle;
   f. exercise due care;
   g. safely maneuver his commercial vehicle;
   h. avoid becoming a hazard to the motoring public;
   i. remain reasonably alert;
   j. drive without confusion;
   k. drive without distraction;
   l. drive while not fatigued;
   m. drive while medically, physically and mentally fit; and,
   n. comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations.

9. Potter's negligent, careless, and reckless conduct in the care, management and/or

operation of his commercial motor vehicle, created a hazard for the motoring public, including Earle W. Mott, and was the direct and proximate cause of the collision in which Mr. Mott was injured.

10. Potter's wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the collision forcing Mr. Mott's vehicle off of the roadway and the resulting harm and damage to Mr. Mott's property and person, for which Mr. Mott is entitled to damages.

11. At all times relevant hereto, Potter was an employee, agent, leased driver, and/or servant of R+L and was acting in the course and scope of his agency and/or employment with R+L which is responsible for the conduct of Potter under principles of *respondeat superior*.

12. At all times relevant hereto, the commercial motor vehicle described herein was operating under U.S. DOT# 63391 registered to defendant R+L, which is therefore responsible for the conduct of the Potter as a matter of law.

13. Irrespective of the employment/contractual relationship, R+L is a Motor Carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Potter as a matter of law.

14. As a direct and proximate result of the defendants' negligence and the negligence of R+L's agents and employees, including but not limited to Potter, the Plaintiff was caused to suffer injuries, for which he is entitled to recover damages in an amount to be proven at trial.

15. As a direct and proximate result of defendants' negligence, the Plaintiff was caused to suffer pain, fright, terror, physical and emotional injuries.

16. As a further direct and proximate result of defendants' negligence, the Plaintiff

was caused to suffer a permanent and substantial physical deformity to his body, specifically his spine.

17. Plaintiff further states that as a direct and proximate result of the defendants' negligence, the Plaintiff sustained damages, including but not limited to incidental expenses, damage to personal property contained within his vehicle and to his vehicle, for which he is entitled to recover damages in an amount to be proven at trial.

18. Plaintiff further states that as a direct and proximate result of the defendants' negligence, he suffered a loss of wages and other economic damages, both past and future, in an amount to be proven at trial.

WHEREFORE, Earle W. Mott, prays for judgment against the Defendants, jointly and /or severally, individually and/or collectively, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, and such other and further relief as this Honorable Court deems just and equitable.

## COUNT II – DIRECT LIABILITY CLAIMS AGAINST
### Greenwood Motor Lines, Inc. d/b/a R+L Carriers

19. The preceding paragraphs are hereby realleged as if fully restated herein.

20. The tractor and trailer involved in the subject collision (Plate 2392398, VIN 2HSCAAMN53CO39208) constituted a commercial motor vehicle operated by and under the direct control of Potter, but were respectively owned and/or leased by R+L and were being used on behalf of and for the benefit of R+L at all times relevant hereto.

21. The operation, maintenance, and control of the above-mentioned tractor and trailer was governed, licensed, supervised, and regulated by State and Federal regulations, and as

such was pursuant to a certificate of authority given to R+L to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory body.

22. Plaintiff further states that R+L was negligent in hiring, training, supervising, dispatching, and/or retaining Potter as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries and other losses for which Mr. Mott is entitled to recover damages in an amount to be proven at trial.

WHEREFORE, Earle W. Mott, prays for judgment against the Defendants, jointly and /or severally, individually and/or collectively, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, and such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

*/s/ Jordan D. Lebovitz*

Jordan D. Lebovitz, Esq. (0091247)
NURENBERG, PARIS, HELLER &
McCARTHY CO., L.P.A.
600 Superior Avenue E., Suite 1200
Cleveland, Ohio 44114
Phone: 216-621-2300
Fax: 216-771-2242
JordanLebovitz@nphm.com

/s/ *William F. Pietrykowski*
_____
William F. Pietrykowski (0024502)
MANAHAN, PIETRYKOWSKI,
DELANEY & WASIELEWSKI, CO., LPA
414 N. Erie Street
Toledo, OH 43604
Phone: 419-734-5516
Fax: 419-732-8246

Attorneys for Plaintiff

## JURY DEMAND

The Plaintiff hereby demands the maximum number of jurors permitted under the Federal Rules of Civil Procedure and the laws of the State of Ohio.

/s/ *Jordan D. Lebovitz*
_____
Jordan D. Lebovitz, Esq. (0091247)
NURENBERG, PARIS, HELLER &
McCARTHY CO., L.P.A.